

AUG 0 2 2005

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
             DEPUTY CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>  v.<br><br>DAVID RIES,<br><br>        Defendant. | 1:95-cr-05174   OWW<br>1:03-cv-06843   OWW<br><br>MEMORANDUM DECISION AND ORDER:<br><br>(1)  ADOPTING MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATIONS (DOC. 1610); AND<br><br>(2)  DENYING DEFENDANT'S MOTIONS FOR RELIEF (DOCS. 1611, 1618, 1620, 1621, 1624, 1625, 1626, 1627) |

I.    INTRODUCTION

Before the court for decision is the magistrate judge's Findings and Recommendations to deny Defendant's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255 (Doc. 1016). Also before court are various other of Plaintiff's motions, all of which were filed after the § 2255 petition.  These motions are several of approximately one hundred (100) documents challenging his sentence and conviction already filed by Defendant in this case since his 1997 conviction.

//

1

1

2

## II.   BACKGROUND

On May 2, 1997, after a 42-day jury trial, Defendant David
Ries ("Defendant") was convicted of numerous crimes.  He was
sentenced to eighty-seven 87 months' imprisonment.  All his
convictions were affirmed on appeal.  *See United States v.*
*Hopper*, 177 F.3d 824 (9th Cir. 1999).  His case was remanded for
resentencing.  On May 15, 2000, Defendant was resentenced to
seventy-eight (78) months' imprisonment, a term that was to be
served consecutively to a sixty-three (63) month sentence
pronounced in a separate case before the Sacramento Division of
the Eastern District of California (*United States v. Ries*, No. S-
94-9-EJG).  Defendant is currently incarcerated at a federal
prison in Lisbon, Ohio.

### Defendant's Past Motions and Earlier Court Decisions

Defendant was re-sentenced on May 15, 2000.  On May 18,
2000, Defendant filed a Notice of Appeal relating to his re-
sentencing.  (Doc. 1434)  On May 23, 2000, Defendant filed a
"petition in nature of arrest of judgment/reconsideration," in
which he argued that the time he has served was not properly
credited against his sentence, and requested that his sentence be
adjusted accordingly.  (Doc. 1439)  On October 27, 2000,
Defendant's "petition" was denied for lack of jurisdiction on the
basis that the Notice of Appeal filed by Defendant divested the
district court of jurisdiction to decide matters relating to his
re-sentencing.  (Doc. 1471, Order); *see also United States v.*
*Powell*, 24 F.3d 28, 31 (9th Cir. 1994) (citing *Griggs v.*

2

1  *Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982)).

2      The district court declined to construe Defendant's
3  "petition" (Doc. 1439) as a petition for writ of habeas corpus
4  pursuant to 28 U.S.C. § 2255.  First, the court based its
5  decision on the principle that "a district court should not
6  entertain a habeas corpus petition while there is an appeal
7  pending in [the circuit court of appeals] or in the Supreme
8  Court," reasoning that a decision by an appellate court could
9  moot issues raised in the petition.  *See United States v. Pirro*,
10 104 F.3d 297, 299 (9th Cir. 1997) (internal quotations and
11 citations omitted); *Feldman v. Henman*, 815 F.2d 1318, 1320-21
12 (9th Cir. 1987).

13     Second, the court based its decision on the prudential
14 concern to protect Defendant's ability to file a habeas corpus
15 petition in the future.  "The Anti-Terrorism and Effective Death
16 Penalty Act of 1996 ('AEDPA') modified habeas corpus law to
17 preclude a second or successive habeas petition, unless
18 petitioner first obtains a Court of Appeals order authorizing the
19 district court to consider the petition."  *Barapind v. Reno*, 72
20 F. Supp. 2d 1132, 1142 (E.D. Cal. 1999); 28 U.S.C. § 2244.  In
21 its October 27, 2000 order, the district court stated that, out
22 of an abundance of caution, "to protect defendant's future filing
23 rights, his motion is not interpreted as a habeas corpus
24 petition."  (Doc. 1471, Order at 5)

25     Just over one month later, on December 4, 2000, Defendant
26 filed another motion titled "request for judicial notice on non-
27 opposition re: notice & exparte petition for designated
28 transcripts: showing 'good cause' re assignment of error; & fatal

3

1  defects."  In response, the district court ordered Defendant to
2  either (1) within 25 days of service of the written order, give
3  written consent for his motions (including the December 4, 2000
4  motion, the May 18, 2000, motion (Doc. 1434), and the May 23,
5  2000 motion (Doc. 1439)) to be re-characterized as one
6  consolidated habeas corpus petition, "WITH THE ADMONITION THAT,
7  under the AEDPA, he will lose his ability to file successive
8  habeas petitions absent certification by the court of appeals;"
9  or (2) "withdraw his motions and later file one all-inclusive
10  § 2255 habeas petition within the one-year statutory period
11  following the time his conviction becomes final, i.e., after the
12  Ninth Circuit (or U.S. Supreme Court) affirms it."  (Doc. 1477,
13  Order at 5 (emphasis in original)); see United States v. Seesing,
14  234 F.3d 456, 463-4 (9th Cir. 2001).  The district court also
15  notified Defendant that if he fails to respond to the order
16  within the twenty-five (25) day time period, the latter action
17  would be taken and the motions would be withdrawn.  (Id.)  The
18  only action Defendant took was a Notice of Appeal of this order
19  to the Ninth Circuit, filed January 17, 2001.  (Doc. 1488)

20  On April 16, 2003, another order (Doc. 1549) issued in
21  response to four motions filed by Defendant between February 2002
22  and March 2003.  Three of the motions and all claims in the
23  second motion (Doc. 1534), save one, were dismissed for lack of
24  jurisdiction because they raised issues identical to issues that
25  were then-pending before the Court of Appeals.  The remaining
26  //
27  //
28  //

4

1  claim in the fourth motion was dismissed on the merits.[1]  (*See*
2  Doc. 1549, Order 12-13)  The court went on to warn Defendant that
3  any further filings, to the extent possible, would be construed
4  as § 2255 motions and be subject to dismissal as secondary or
5  successive motions under 28 U.S.C. §§ 2255 and 2244:

6      Defendant is hereby admonished not to file any further
       motions in this court on issues pending before the
7      Ninth Circuit on appeal, as they are likely to be
       summarily dismissed for lack of jurisdiction.  To the
8      extent any later-filed documents attacking Defendant's
       conviction or sentence to *not* address issues involved
9      in any of his pending appeals, such motions to the
       extent legally possible shall be construed as § 2255
10     motions, even if they are not so styled.  *Any such*
       *motions may be vulnerable to dismissal or denial for a*
11     *variety of reasons, including without limitation,*
       *because such motions are 'second or successive' § 2255*
12     *motions.*  See 28 U.S.C. § 2255; *United States v.*
       *Seesing*, 234 F.3d 456, 464 (9th Cir. 2001) (discussing
13     proper procedure for recharacterizing a motion as a
       § 2255 motion).
14

15  (*Id.* at 16-17 (emphasis added))  This order (Doc. 1549) was later
16  affirmed by the Ninth Circuit Court of Appeals.  (Doc. 1622)
17      Defendant then filed a motion for reconsideration (Doc.
18  1555) of the April 13, 2000 order.  Defendant's motion was
19  dismissed on September 23, 2003 in an extensive order documenting
20  in detail Defendant's numerous and burdensome filings, including
21  _____

22  [1] Defendant had argued his sentence should be reduced
    pursuant to Federal Rule of Criminal Procedure 35(a) and 18
23  U.S.C. § 3582(c), because a new guideline amendment to a U.S.
    Sentencing Guideline became effective November 1, 2002.  The
24  court held that the district court had jurisdiction to address
    this argument under 18 U.S.C. § 3582(c), but that defendant's
25  argument was without merit because a reduction of sentence was
    not authorized by United States Sentencing Guidelines § 1B1.10.
26  The then-current § 1B1.10(b) stated that unless an amendment is
27  listed in § 1B1.10(c), then a reduction of sentence is not
    authorized.  Amendment 465 was not listed in § 1B1.10(c) and was
28  not authorized.

5

1   a list of the nearly one hundred (100) ex parte motions
2   (documents) filed by Defendant challenging his sentence or
3   conviction.  (Doc. 1583, Order 11-17 (listing documents))   The
4   September 23, 2003 order dismissed Defendant's motion for lack of
5   jurisdiction, since the issues raised by his motion for
6   reconsideration were then still pending before the Ninth Circuit
7   Court of Appeals.  (*Id.* at 22-24)   This order once again warned
8   Defendant that any further motions could be construed as second
9   or successive § 2255 motions and be subject to dismissal:

10       Should Defendant file additional documents which are
         not addressed by his previous notices of appeal, they
11       will be construed as motions under 28 U.S.C. § 2255,
         even if they are not styled as such.  *See United States*
12       *v. Sessing,* 234 F.3d 456, 464 (9th Cir. 2001).  *Such*
         *motions would also be subject to dismissal or denial as*
13       *"second or successive" petitions under Section 2255.*
         *See* 28 U.S.C. § 2255.
14

15   (*Id.* at 24-25 (emphasis added))

16       On July 2, 2003, Defendant filed yet another motion
17   requesting relief that again raised issues identical to those
18   then pending before the Court of Appeals.  (Doc. 1575)
19   Defendant's motion was once again dismissed for lack of
20   jurisdiction.  (Doc. 1608, Order 9)   The court also found that
21   Defendant's motion had no merit.[2]

22       On December 13, 2003, Defendant filed another motion.  (Doc.
23   1590; Doc. 1, Case No. 1:03-cv-06843)   This document was labeled

24
_____
25   [2] His motion was based on his argument that his sentence
     should be corrected based on clerical errors; however, his
26   request was untimely, as Fed. R. Crim. P. 35(a) allows a seven
     (7) day period after sentencing within which to file such a
27   motion.  Defendant was sentenced on May 2, 1997, over three years
     earlier, and Defendant's motion was filed almost five years after
28   this date.

6

1 | as a motion to vacate, set aside or correct his sentence under
2 | 28 U.S.C. § 2255 and was construed as such. (*See* Doc. 1610,
3 | Findings and Recommendations, filed September 2, 2004)  The
4 | magistrate judge recommended the motion be denied for lack of
5 | jurisdiction, reasoning that the issues raised in the December
6 | 15, 2003 motion were identical to matters subject to Defendant's
7 | appeals.  (*Id*. at 2)  Defendant was given an opportunity to
8 | object to the Findings and Recommendations, and Defendant filed
9 | objections on September 13, 2004 (Doc. 1612) and September 16,
10 | 2004 (Doc. 1613).  No responses were filed.  The Findings and
11 | Recommendations are still pending and are the subject of this
12 | memorandum decision and order.

13

14 | **Defendants' Pending Motions**

15 | Since his conviction in 1997, Defendant has filed
16 | approximately one hundred (100) motions (documents) challenging
17 | his conviction or sentence.  Defendant has refused to heed
18 | numerous and repeated admonitions not to file additional motions
19 | challenging his sentence or conviction based on the same issues
20 | as were then-pending before the Ninth Circuit Court of Appeals.
21 | Plaintiff has nevertheless purposefully continued to file
22 | numerous motions:

23

24 | Sept. 7, 2004  "Renewed Motion for Release Pending
   |                appeal Pursuant to Order by Court of
25 |                Appeals"  (Doc. 1611)

26 | Jan. 20, 2005  "Motion to Vacate under 28 U.S.C.
   |                § 2255"  (Doc. 1618)

27 | Feb. 7, 2005   "Motion to Excise and Sever
   |                Unconstitutional Portion of Sentence &
28 |                To Terminate All Federal Custody"  (Docs.

7

1                   1620, 1621)

2      June 6, 2005   "Notice of Motion: Motion to Expand the
                      Record" (Doc. 1624)
3
       June 6, 2005   "Notice of Motion: & [sic] Motion for
4                     Release Pending $ [sic] 2255 Litigation"
                      (Doc. 1625)
5
       June 9, 2005   "Notice of Motion: & [sic] Movant's
6                     Motion for Default and Entry of Summary
                      Judgment" (Docs. 1626 & 1627)
7

8           These motions are also the subject of this decision.

9

10                           IV.   **ANALYSIS**

11

12          As Defendant has been instructed on numerous occasions, and

13     as the magistrate judge's decision also informs him, this

14     district court has lost all jurisdiction over Defendant's

15     motions.   In addition to his habeas corpus petition, Defendant

16     has filed numerous motions for relief while his appeals before

17     the Ninth Circuit Court of Appeals are still pending.[3]  To the

18     degree to which this court has jurisdiction over Defendant's

19     motion for bail, that motion is **DENIED** for all the reasons stated

20     in the trial court's ruling on petitioner's petition for habeas

21     corpus.

22          The August 20, 2004 order (Doc. 1608) dismissing Defendant's

23     motion for reconsideration provided a detailed explanation to

24     Defendant of why this court lacks jurisdiction.   In this order,

25     _____

26          [3] The Ninth Circuit recently affirmed, without memorandum
       decision, the district court's April 16, 2003 order (Doc. 1549)
27     denying various of Defendant's prior motions for lack of
       jurisdiction.   (Doc. 1622)   The Ninth Circuit has yet to address
28     any of Defendant's claims on the merits.

                                    8

1 Defendant was admonished again not to file any further documents
2 with this court, as he had previously been admonished in the
3 orders of April 16, 2003 (Doc. 1549) and September 26, 2003 (Doc.
4 1583). Despite these repeated admonitions and the detailed
5 explanations provided to Defendant, he continues to ignore them
6 and impose on the court's limited time and resources.

7 The reasons why jurisdiction is lacking over Defendant's
8 motions have been stated in great detail numerous times. The
9 reasons have not changed and still apply to his motion for § 2255
10 relief. This court has lost all jurisdiction over Defendant's
11 motion. Defendant's motion for relief under 28 U.S.C. § 2255
12 restates issues which are presently pending before the Ninth
13 Circuit on appeal. Defendant provides no basis for a contrary
14 finding in his objections.

15 For all the reasons stated above and repeatedly stated in
16 prior opinions, the findings and recommendations of the
17 magistrate judge are **ADOPTED IN FULL** and Defendant's motion for
18 relief pursuant to 28 U.S.C. § 2255 is **DENIED**.

19 All motions filed after Defendant's December 15, 2003 habeas
20 petition are construed as secondary or successive habeas
21 petitions under 28 U.S.C. §§ 2255 and 2244. Defendant has
22 provided no evidence that he applied for as was granted
23 authorization by the Ninth Circuit Court of Appeals to file any
24 second or successive habeas petitions, as required by
25 § 2244(b)(3). All Defendants' motions (Docs. 1611, 1618, 1620,
26 1621, 1624, 1625, 1626, 1627) are **DENIED**. No further motions,
27 petitions, or applications shall be accepted for filing in the
28 Eastern District of California without leave from the Court of

1  Appeals.

2

3  SO ORDERED.

4
   DATED: August 1, 2005.
5
                                    /s/ OLIVER W. WANGER
6

7
                                       Oliver W. Wanger
8                              UNITED STATES DISTRICT JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

10

1          CERTIFICATE OF SERVICE

2
   UNITED STATES OF AMERICA        )
3                                  )
                                   )
4             VS                .  )    CR F 95-5174 OWW
                                   )
5  DAVID RIES                   )
                                   )
6

7  I, the undersigned, hereby certify that I am an
   employee in the Office of the Clerk, U. S. District
8  Court, Eastern District of California at Fresno.

9  I served on August 2, 2005 a copy of the attached by
   placing said copy in a postage-paid envelope addressed
10 to the persons hereinafter listed, by depositing said
   envelope in the United States Mail at Fresno,
11 California; or by placing said copy into an inter-
   office delivery receptacle located in the Clerk's
12 Office.

13 SERVED BY MAIL

14 David Ries
   07360-097
15 FCI Elkton
   P O Box 10 DA
16 Lisbon, Ohio  44432

17

18
   SERVED BY INTER-OFFICE DELIVERY
19
   United States Attorney
20

21
                              By G. Lucas_____
22                                 Deputy Clerk

23

24

25

26

27

28

                    11